IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3095-F

| | |
|---|---|
| SYLVESTER E. HARDING, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ERIC K. SHINSEKI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

On March 26, 2012, Sylvester E. Harding, III, an inmate in the custody of the State of North Carolina currently incarcerated at Lumberton Correctional Institution, filed this action, ostensibly pursuant to 42 U.S.C. § 1983, against several defendants including the Secretary of the Department of Veteran Affairs, a staff attorney with the Department, an administrator at the Fayetteville, North Carolina, V.A. Medical Center, a Fayetteville police officer, and an assistant district attorney in Cumberland County, North Carolina. On September 28, 2012, the court entered an order [D.E. # 7] pursuant to its preliminary frivolity screening of the complaint under 28 U.S.C. § 1915A(a). The court found that plaintiff's complaint consisted only of "declarative fragments" which were so lacking in specific factual allegations that defendants could not intelligibly respond to plaintiff's allegations and, therefore, plaintiff had failed to state any claim upon which relief could be granted. 9/28 Order 2-3. The court found that plaintiff's deficient pleading warranted summary dismissal pursuant to § 1915A(b)(1), but that plaintiff would be allowed the opportunity to amend his complaint. Id. The court specifically instructed plaintiff to "clearly and specifically allege each act

1

with which plaintiff is aggrieved, the defendant responsible for such act, and the date of such act." Id. at 3. On October 9, 2012, the court received petitioner's response, which it construed as an amended complaint. On October 30, 2012, the court entered an order dismissing the complaint pursuant to § 1915A(a)(1) & (2) because, even after amending the complaint, plaintiff still had failed to state any claim upon which relief could be granted. See 10/30 Order [D.E. # 10]. On December 3, 2012, the court received the instant motion, which plaintiff has styled "Motion to Reconsider Alter/Amend &/or Relief From Judgment" [D.E. # 12].

Although the instant motion is not dated by plaintiff, it appears to have been postmarked at his custodial facility on November 28, 2012, the twenty-eighth day following entry of the court's judgment of dismissal. See Pl.'s Mot. [D.E. # 12-1]. Applying Rule 6(a)(1) of the Federal Rules of Civil Procedure, the court will therefore construe the motion as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment.").

The United States Court of Appeals for the Fourth Circuit has previously described the standard to be applied to such a motion:

> Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, we have previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See [E.E.O.C. v. ]Lockheed Martin Corp., 116 F.3d [110, 112 (4th Cir. 1997)]; Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir.1993). Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir.1995). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised

2

prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. See Russell, 51 F.3d at 749; Concordia College Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir.1993); FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir.1992); Simon v. United States, 891 F.2d 1154, 1159 (5th Cir.1990); see also In re: Reese, 91 F.3d 37, 39 (7th Cir.1996) ("A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'") (quoting Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir.1995)); 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). . . . In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Wright et al., supra, § 2810.1, at 124.

Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Judging plaintiff's motion against this framework, the motion is due to be denied. Plaintiff does not argue the applicability of any intervening change in controlling law. Nor does he allege the existence of "new evidence" in support of his "claim." To the extent the motion and its supplement can be interpreted as seeking to "correct a clear error of law or prevent manifest injustice," the court finds that it is without merit. The motion, though far lengthier and more detailed than either prior iteration of plaintiff's complaint, simply fails to state any basis for relieving plaintiff from the court's order of dismissal.

Most of the motion consists of plaintiff's effort to recast his complaint as one alleging a vast racist conspiracy among the various defendants, including now this court, the North Carolina Department of Public Safety, and plaintiff's former attorney. See Pl.'s Mot. [D.E. # 12] 1 ("Each time an action, concerning race &/or race relations is brought forth, w/in the jurisdiction of EDNC,,, the same is subsequently dismissed during screening, as frivolous, which w/in itself, provides a prima facie discriminatory effect & purpose, . . . see EDNC Race Related Case(s) History . . . ."); id. at 2 ("the EDNC is the great grandchild, of this long standing, ugly, racist practice, . . . today &

3

in the case at bar, this same conspiratorial conduct continues & exists, in the state of N.C. pursuant to 42 U.S.C. § 1985(2)"); id. at 2-3 ("Such a master elaborate systematic conspiracy exists between the defendants, Dept. of Veteran's Affairs employees, Eric K. Shinseki, John C. Weaver & Karen Clarkson, . . . all personally, but racially initiated by Fayetteville Police Dept. Officer Allison K. Brown, . . . & further unlawfully continued & implemented by the 12th Prosecutorial District & it's Asst. District Atty Robert Hicks, further linking this states county gov't of Cumberland Co., . . . everything that took place, w/in all acts & omissions perpetrated by these defendants & their actions in concert, violated clearly established law . . . and did so, w/a racially based animus to unlawfully deprive this plaintiff, of his employment, via, Title VII, evincing a disparate impact"); id. at 3 ("In furtherance of this same conspiracy, actors in concert, employees from another state entity, NC Dept. Of Public Safety, Division of Adult Corrections, here at LCI - 4365 illegally confiscated, all plaintiff's legalities, law book, case law etc., pursuant this action & his federal habeas petition"); id. at 5 ("plaintiff was appointed a def atty that intentionally left out his affidavit on his motion to suppress, illegally corroborating w/ prosecution, to secure this conviction").

Plaintiff's re-imagining of his action as alleging a vast civil race-based conspiracy is problematic in several respects. First, this is a theory which was not presented in either of plaintiff's two prior complaints. Indeed, plaintiff did not even utter the word "conspiracy" in either complaint, much less provide any well-pleaded allegation of a conspiracy like the one he describes in his motion. As set forth above, such is an improper use for a Rule 59(e) motion. Pacific Ins. Co., 148 F.3d at 403 ("Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."). More fundamentally,

4

plaintiff's allegation of a vast civil conspiracy is frivolous and fails to state a claim upon which relief could be granted. Plaintiff fails to provide any factual allegations of specific conduct by any defendant supporting his claim that all defendants conspired to violate his rights. Thus, the "claim" consists of nothing more than the sort of labels and conclusions which are insufficient to sustain a claim for relief. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-52 (2009). Moreover, at its core, plaintiff's claim of a conspiracy is frivolous. Plaintiff's evident belief that the Secretary of the Department of Veteran Affairs, among others, conspired with a police officer from Fayetteville, North Carolina, to cause plaintiff's arrest and prosecution in order to effect his termination from employment with the Department is simply too fantastic to sustain this action.

In its order of dismissal, the court clearly and succinctly set out all of the reasons why, across two separate complaints, plaintiff failed to state any claim upon which relief could be granted. Plaintiff's motion to alter or amend judgment lacks merit under the standard applicable to such motions and wholly fails to otherwise provide any compelling reason to question the court's prior judgment. The motion presents a new legal theory and claim, relies only upon conjecture and conclusory allegations to support that claim, and, at bottom, is too fanciful to be anything other than frivolous. As such, the motion is due to be denied.[1]

For all of the reasons stated above, plaintiff's motion to alter or amend judgment [D.E. # 12] is DENIED.

---

[1] To the extent plaintiff arguably is alleging yet another new claim in his motion to alter or amend concerning the alleged confiscation of his legal materials as a means of hindering his access to the courts, see Pl.'s Mot. [D.E. # 12] 3, the court notes plaintiff's representation that he has already filed a separate federal lawsuit over such actions. See Harding v. Roush, et al., 5:12-ct-3136-FL (E.D.N.C. docketed June 28, 2012).

5

SO ORDERED. This the 10th day of December, 2012.

                                  *James C. Fox*
                                  JAMES C. FOX
                                  Senior United States District Judge